# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2019

Lyle W. Cayce
Clerk

—————

No. 18-10051

—————

In the Matter of: LIFE PARTNERS HOLDINGS, INCORPORATED

       Debtor.

--------------------

ALAN M. JACOBS, As Trustee for Life Partners Creditors' Trust; LIFE PARTNERS CREDITORS' TRUST,

       Appellants,

v.

ROOT HOSPITALITY SOLUTIONS, L.L.C.; JOHN CROOKS; K'S MARKETING, INCORPORATED; MICHAEL MISHLER; REBECCA TEEL,TENA WILSON, A ROGER O. WHITLEY GROUP, INCORPORATED, A SILVER LINING, L.L.C., A.D. VALLETT ; COMPANY, L.L.C., ADAM BURCH, ADAMS LIFE BROKERAGE, L.L.C., ALETHEA BUSBY, AML PARTNERS, L.L.C., ANDREW WALVOORD, ANDY HINES, ANDY L. MCJOHNSTON, ANNUI CORP SERVICES, INCORPORATED, ANTHONY ALLEN, BAAPLIFE1-2013, L.L.C., BAAPLIFE2-2014, L.L.C., BRAZOS LIFE SETTLEMENT FUND, BRIAN H. O'NEILL, CAPERTON ENTERPRISES, INCORPORATED, CHARLES PETERS, CINDY BULLOCH, COASTAL EQUITIES, INCORPORATED, CRAIG WEAR FINANCIAL GROUP, L.L.C., CRIMSON FUND-1, L.L.C., DAVID NORCOM, DOUGLAS WALL, DUB HUCKABEE, FUTURE PLANNING, INCORPORATED, G. STEVEN WILLIAMS, GAIN PLAN FINANCIAL, L.L.C., GARY BROSSEIT, GBENGA ASEDEKO, GO FINANCIAL SERVICES, INCORPORATED, HEALTH INSURE MANAGEMENT, INCORPORATED, HOMER H. STOUT, INTERNET ACES CORPORATION, JACK M. PAUSMAN, JOE MARTINEZ, JOHN C. COVEY SR., JOHN D. JONES, JOHN HARPER, KEN MARKO, KEVIN JONES, LINDA HARPER, WINDFALL DEVELOPMENT, INCORPORATED, WILLIAM V. MOZEK JR., MARK J. SMITH, MATHESON SERVICES, L.L.C., MATTHEW PASHBY, MDH INTERESTS, L.L.C., MICHAEL DAVIS, MICHAEL EASTHAM, MONTCLAIR PROPERTIES, INCORPORATED, PERSONAL FINANCIAL ADVISORS,

No. 18-10051

INCORPORATED, PHANTOM CONSULTING, L.L.C., TOM GRACE, TIMOTHY JOYCE, TIM MCGUIRE, TODD SHEVLIN, TIMOTHY TURBEVILLE, ULTIMATE WEALTHCARE, INCORPORATED, SHARON ADAMS, ROGER LANE,  R. E. BRANCH, M.D.

      Appellees.

_____

In the Matter of: LPI FINANCIAL SERVICES, INCORPORATED

      Debtor.
--------------------

ALAN M. JACOBS, As Trustee for Life Partners Creditors' Trust; LIFE PARTNERS CREDITORS' TRUST,

      Appellants,

v.

BAGBY INVESTMENTS, L.P.

      Appellee.

_____

In the Matter of: LPI FINANCIAL SERVICES, INCORPORATED

      Debtor.
--------------------

ALAN M. JACOBS, As Trustee for Life Partners Creditors' Trust; LIFE PARTNERS CREDITORS' TRUST,

      Appellants,

v.

STACEY MUNDERLOH

      Appellee.

_____

2

No. 18-10051

In the Matter of: LPI FINANCIAL SERVICES, INCORPORATED

     Debtor.

--------------------

ALAN M. JACOBS, As Trustee for Life Partners Creditors' Trust; LIFE PARTNERS CREDITORS' TRUST,

     Appellants,

v.

TOBER ASSOCIATES, INCORPORATED

     Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-300
USDC No. 4:17-CV-109
USDC No. 4:17-CV-110
USDC No. 4:17-CV-111

_____

Before ELROD, HIGGINSON, and ENGELHARDT, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:*

This case is one of five related adversary proceedings arising out of the Chapter 11 bankruptcies of Life Partners Holdings, Inc.; Life Partners, Inc. (LPI); and LPI Financial Services (collectively, the "LP Entities"), in which the Life Partners Creditors' Trust asserts claims against various groups of LP

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3

No. 18-10051

Entities Licensees. We described the factual background and much of the relevant procedural history in our recent opinion in *Life Partners Creditors' Trust v. Cowley*, No. 17-11477 (5th Cir. May 31, 2019). We note one procedural difference that is material to the disposition of Count 11 in Creditors' Trust's pleadings: unlike in *Cowley*, Creditors' Trust sought leave to amend Count 11 in a written motion before the district court's judgment of dismissal. Thus, the Federal Rule of Civil Procedure 59(e) standard does not apply to that claim, and the proposed amended complaint demonstrates that repleading would not have been futile. The district court therefore abused its discretion in declining to grant leave to amend Count 11. *See Brown v. Taylor*, 911 F.3d 235, 247 (5th Cir. 2018) (district court abused its discretion in denying leave to amend where plaintiff offered a proposed amendment that would not be futile and had not repeatedly failed to cure deficiencies).

Beyond the above distinction, the arguments before the court in this case are substantially the same as those in *Cowley*, and the live pleadings are parallel in all important respects. Accordingly, we AFFIRM the district court's judgment of dismissal as to Counts 5, 8, and 12. However, we REVERSE the dismissal of Counts 1–4,[1] 6, 9, 10, and 11 and REMAND them for further proceedings consistent with this opinion.

---

[1] As in *Cowley*, we affirm the district court's dismissal of Count 2 only as to transfers from Life Partners Holdings that occurred before January 20, 2011, and transfers from LPI and LPI Financial Services that occurred before May 19, 2011. We also affirm the district court's dismissal of Counts 3 and 4 only as to transfers made by Life Partners Holdings before January 20, 2013, and transfers made by LPI and LPI Financial Services before May 19, 2013.